# United States Court of Appeals for the Fifth Circuit

———————

No. 25-30269
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RANDALL TYLER,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:20-CR-48-8

———————————————————————

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Randall Tyler pleaded guilty to conspiring to distribute and to possess with intent to distribute methamphetamine. Tyler was sentenced within the applicable guidelines range to 162 months in prison. After we concluded that Tyler was entitled to resentencing and remanded the case, *see United States v. Tyler*, No. 23-30370, 2024 WL 4973306, at *7 (5th Cir. Dec. 4, 2024)

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-30269

(unpublished), the district court held a resentencing hearing. Tyler once again was sentenced to 162 months in prison, which fell within the lower corrected guidelines range found for purposes of resentencing. He contests the substantive reasonableness of his sentence.

Tyler argues that the district court arbitrarily found that a 162-month sentence was again merited. He asserts that, at the time of resentencing, the circumstances, including his efforts in pursuit of rehabilitation in prison, justified the imposition of a lesser sentence. Tyler specifically argues that his base offense level and his advisory guidelines range were lower on remand and that the district court erred in not finding that a different, and lesser, sentence was merited. We review his challenge for abuse of discretion. *See United States v. Vargas*, 21 F.4th 332, 334 (5th Cir. 2021).

Here, the district court used the lower corrected guidelines range as a starting point, considered the specific facts and circumstances of the case and the parties' sentencing arguments, and decided that a 162-month sentence—which was within the corrected guidelines range—met the goals of 18 U.S.C. § 3553(a). The district court was in a superior position to find facts and evaluate their importance under § 3553(a), and we defer to the district court's decision as to the proper sentence to impose. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007). Tyler fails to show that the district court's presumptively reasonable sentence failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or represented a clear error of judgment in balancing the factors. *See Vargas*, 21 F.4th at 334. He thus has failed to show that his sentence was substantively unreasonable. *See Gall*, 552 U.S. at 51.

AFFIRMED.

2